**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4199**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KIPP POLSTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00149)

Submitted: September 11, 2007     Decided: September 13, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven Slawinski, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kipp Polston appeals the district court's order revoking his supervised release and sentencing him to eleven months in prison. Polston's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that there are no meritorious grounds for appeal, but raising as a possible issue whether the district court plainly erred when it refused to allow Polston an opportunity to respond to the Government's argument in favor of supervised release revocation. Polston was advised of his right to file a pro se supplemental brief but has not done so. The Government elected not to file a responding brief. Finding no reversible error, we affirm.

Under 18 U.S.C. § 3583(e)(3) (2000), the district court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in imposition of the term of supervised release without granting credit for time previously served on post-release supervision. We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).

The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2000). Polston admitted to the

violations alleged in the petition to revoke his supervised release. Accordingly, we conclude the district court did not abuse its discretion in revoking his supervised release. Moreover, Polston's revocation sentence was within the advisory Chapter 7 revocation range of five to eleven months.

We also conclude that, contrary to Polston's attorney's assertions, both Polston and his attorney were given ample opportunity to argue to the district court why revocation of supervised release was unwarranted. We find the district court did not err in rejecting their arguments and revoking Polston's supervised release.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues. We therefore affirm the district court's revocation of Polston's supervised release and the resulting eleven-month sentence. This court requires that counsel inform Polston in writing of his right to petition the Supreme Court of the United States for further review. If Polston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may file a motion with this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Polston. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED